UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NDF1, LLC,

                        Plaintiff,

          v.

DALTON CUNNINGHAM; QUEENS CAPITAL
HOLDINGS, LLC; CONSOLIDATED EDISON
COMPANY OF NEW YORK; CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY DEPARTMENT OF FINANCE; MARCIA
GRAHAM,

                     Defendants.
------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

24-CV-2
(Merle, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On January 2, 2024, Plaintiff NDF1, LLC, initiated this foreclosure action against Defendants Dalton Cunningham ("Cunningham"); Queens Capital Holdings, LLC ("Queens Capital"); Consolidated Edison Company of New York ("Con Edison"); City Of New York Environmental Control Board ("ECB"); New York City Department of Finance ("DOF"); and "John Doe" and "Jane Doe" to foreclose on the property located at 142-21 230th Place, Rosedale, New York 11422 (the "Property"). *See generally* Dkt. No. 1. On March 27, 2024, Plaintiff moved to substitute Marcia Graham for John Doe and Jane Doe in the case caption. Dkt. No. 36. The Court granted Plaintiff's motion on March 27, 2024, and the case caption was amended accordingly. *See* Mar. 27, 2024 Dkt. Order.

Queens Capital and Cunningham have responded to the Complaint and are currently engaged in discovery. Non-mortgagor Defendants Graham, Con Edison, ECB, and DOF (collectively, "Defaulting Defendants") have not responded to the complaint. *See* Dkt. Nos. 33, 41. Currently pending before this Court, on a referral from the Honorable Natasha Merle, United

States District Judge, is Plaintiff's motion for default judgment against Defaulting Defendants. *See* Dkt. No. 43; *see also* May 16, 2024 Dkt. Order.  For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion for default judgment be **DENIED**.[1]

## I.    Background

### A.    Factual Allegations

The following facts are taken from the complaint, Plaintiff's motion, and the attachments filed in support of Plaintiff's motion.  The facts are assumed to be true for the purposes of this motion.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor); *see also BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704 (E.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, Text Order (E.D.N.Y. Jan. 9, 2024) (same); *Doe v. Hyassat*, No. 18-CV-6110 (PGG) (OTW), 2024 WL 1955354 (S.D.N.Y. May 3, 2024) (same).

On or about November 3, 2006, Cunningham, a resident of New York, obtained a loan (the "Loan") from non-party Argent Mortgage Company, LLC in the amount of $84,000.00, which was memorialized by a note (the "Note") and secured by a Mortgage (the "Mortgage") encumbering the Property.  *See* Dkt. No. 1 ¶¶ 12, 13.  The Mortgage was recorded on November 21, 2006 in the Office of the City Register of the City of New York File Number ("CFRN") 2006000645183.  *Id.* ¶ 13; *see* Dkt. No. 1-3 at 2.[2]  Plaintiff subsequently obtained the Mortgage through a series of

---

[1] Heqing Wang, a summer intern who is a second-year law student at the Elisabeth Haub School of Law at Pace University, is gratefully acknowledged for her assistance in the research and drafting of this report and recommendation.

[2] Page citations are to the ECF-stamped pages.

assignments and is the holder of the Note, which was endorsed in blank.  Dkt. No. 1 ¶¶ 14-16; *see also* Dkt. Nos. 1-2, 1-4.

On April 1, 2007, Cunningham allegedly defaulted under the terms of the Note and Mortgage by failing to pay the monthly payment due.  Dkt. No. 1 ¶ 20.  According to Plaintiff, the unpaid principal balance of the Loan is $83,932.59.  *Id.* ¶ 24.

On February 22, 2022, Cunningham sold the Property to its current owner, Queens Capital pursuant to a Deed recorded in the City Register of the City of New York on April 12, 2022 as CRFN 2022000153092.  *Id.* ¶ 17; *see also* Dkt. No. 1-5.

On March 19, 2021, Plaintiff mailed a "statutory 90 Day Notice" pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 to Cunningham advising of possible legal action if the default under the Note and Mortgage together was not cured.  *See* Dkt. No. 1 ¶ 21.

According to Plaintiff, "[n]o other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note."  *Id.* ¶ 27.

## B.    Procedural History

On January 2, 2024, Plaintiff filed the complaint in this action, seeking to foreclose on the Property pursuant to RPAPL § 1301 et seq.  *See generally* Dkt. No. 1.  The complaint names six defendants: (1) Cunningham, as the obligor under the terms of the Note; (2) Queens Capital, as the record owner of the Property; (3) Con Edison, as a judgment creditor pursuant to a judgment recorded against the Property on November 30, 2016; (4) ECB, as a "judgment creditor on the Property of multiple violation liens"; (5) DOF, as "the possible holder of a tax lien against the Property"; and (6) "John Doe" and "Jane Doe," as "tenants, occupants, persons, or corporation, if

any, having or claiming an interest in or lien upon the Property." *Id.* ¶¶ 3-8.  Plaintiff alleges that Defaulting Defendants each " have some interest in or lien upon" the Property that is subordinate to the Mortgage.  *Id.* ¶ 9.

On January 23, 2024, Plaintiff served ECB and DOF with the summons and complaint at the Office of the Corporation Counsel, New York City Law Department.  Dkt. Nos. 12, 13.

On January 25, 2024, Plaintiff served Con Edison with the summons and complaint at its principal place of business located at 4 Irving Place, New York, New York 10003.  Dkt. No. 18. On the same day, Plaintiff served John Doe and Jane Doe with the summons and complaint via personal service at the Property by purportedly leaving a copy with "Rashida 'Doe' (Refused Full Name)."  Dkt. No. 15.

On January 24, 2024, Con Edison filed a notice of appearance wherein it states that it "waives service of all papers and of notices of all proceedings in said action except the notice of sale and notice of proceeding to obtain surplus moneys."  Dkt. No. 9 at 1.  On February 16, 2024, Cunningham and Queens Capital filed answers to the complaint.  *See* Dkt. Nos. 24, 26.  None of the Defaulting Defendants, including Con Edison, have filed an answer or otherwise responded to the complaint.

On February 21, 2024, upon learning the first name of the tenant residing at the Property, Plaintiff filed a motion to substitute defendant "John Doe" and "Jane Doe" for Rashida "Doe." *See* Dkt. No. 30 at 1.  On February 23, 2024, the Court issued an order granting the motion.  *See* Feb. 23, 2024 Dkt. Order.

On February 26, 2024, Plaintiff requested a certificate of default against Con Edison, ECB, DOF, and Rashida "Doe" for "failure to plead or otherwise defend."  Dkt. No. 31 at 1.  On March 5, 2024, the Clerk of Court issued certificates of default against Con Edison, ECB, and DOF.  Dkt.

No. 33.  The Clerk of Court denied Plaintiff's request for a certificate of default against Rashida "Doe" because they had "not been identified by first and last name."  *Id.*

On March 12, 2024, the Court held an initial conference in which Plaintiff, Queens Capital, and Cunningham appeared.  *See* Mar. 12, 2024 Minute Entry.  Con Edison failed to appear despite their counsel having filed notices of appearance in the case.  *See id.*; Dkt. Nos. 9, 19.  As a result, the Court ordered Con Edison to show cause why sanctions should not be issued for its non-appearance.  *See* Mar. 12, 2024 Minute Entry.

On March 15, 2024, Con Edison filed its response to the order to show cause, wherein it stated:

> a lienholder's filing of a notice of appearance and waiver is a common method to appear in a foreclosure action where the lienholder takes no position regarding the underlying foreclosure action. . . . Lienholder defendants in foreclosure actions are unlikely to recover on their liens because after the foreclosure sale, there are rarely surplus monies with which to satisfy those liens. . . . Thus, the filing of such limited appearances affords lienholders a method by which to protect their client's interests at limited expense, while not impeding the prosecution of the foreclosure action.

Dkt. No. 35 at 3-4.  Based on this response, the Court issued an order indicating that it would not sanction Con Edison; the Court, however, ordered counsel for Con Edison to appear at all future conferences.  *See* Mar. 15, 2024 Dkt. Order.

On March 27, 2024, Plaintiff filed a second motion to substitute Defendant Rashida "Doe" with "Marcia Graham."  Dkt. No. 36.  Plaintiff claimed that it had hired a private investigator to verify the full identity of Rashida "Doe," and based upon that investigation, it had "a high degree of certainty that the woman" who was served with the summons and complaint on January 23, 2024 was "a woman named Marcia Graham" who resided at the Property.  *Id*; *see also* Dkt. No. 36-1.  On March 27, 2024, the Court issued an order granting the motion and directed the Clerk of

5

Court to "substitute Marcia Graham in place of 'Rashida Doe' on the docket and to amend the docket accordingly." Mar. 27, 2024 Dkt. Order.

On April 1, 2024, Plaintiff filed a second request for certificate of default against Graham based on her "failure to plead or otherwise defend" in this action. Dkt. No. 39. On April 12, 2024, the Clerk of Court issued a certificate of default against Graham. Dkt. No. 41.

On March 15, 2024, Plaintiff filed the current motion, which seeks a default judgment of foreclosure against Defaulting Defendants. Dkt. No. 43. In support of this motion, Plaintiff submits: (1) a notice of motion (Dkt. No. 43); (2) a memorandum of law (Dkt. No. 43-1); (2) a declaration from Plaintiff's counsel, Shauna DeLuca, Esq. (Dkt. No. 43-2), with exhibits including the complaint (Dkt. No. 43-3), certificates of default (Dkt. No. 43-5), and a report from the Department of Defense regarding Graham's military status (Dkt. No. 43-9); (3) the affidavit of Shawn Muneio, a managing partner of Plaintiff, with exhibits (Dkt. Nos. 43-10—43-16); (4) the affidavit of Augustina Abeyta, an authorized signatory of Statebridge Company, LLC working as an attorney-in-fact for Plaintiff, with exhibits (Dkt. Nos. 43-17 - 43-25); and (5) a proposed order of default judgment (Dkt. No. 43-26). Plaintiff also filed a certificate of service indicating that Plaintiff mailed a copy of the motion for default judgment to Graham at the Property and to Con Edison, DOF, and ECB at their last known business addresses. *See* Dkt. No. 44.

## II.   <u>Legal Standard for Default Judgment</u>

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH),

2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)).  "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment."  *Esquivel*, 2023 WL 6338666, at *3 (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment."  *Id.* (citing Fed. R. Civ. P. 55(b)(2)).  To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).  The plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability.  *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court."  *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*,

168 F.3d 610, 615 (2d Cir. 1999)).  A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established."  *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).  The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010).

## III.    Jurisdiction and Venue

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants." *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM) (CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

### A.    Subject Matter Jurisdiction

The Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of Florida as both of its members are domiciled in Florida, each Defendant is a citizen of the State of New York, and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *see also* Dkt. No. 1 ¶¶ 2-7, 10; Dkt. Nos. 20, 36-1; Feb. 13, 2024 Dkt. Order.

## B.    Personal Jurisdiction

"A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process."  *BASF Corp.*, 2023 WL 8853704, at *5 (internal quotations and citation omitted).

Here, the Court has personal jurisdiction over ECB, DOF, and Con Edison.  Plaintiff properly served ECB and DOF with the summons and complaint by delivering copies to the Office of the Corporation Counsel.[3]  Dkt. Nos. 12-13; *see also* Fed. R. Civ. P. 4(j)(2)(A)–(B); CPLR § 311(a)(2).  Con Edison appeared in this action through counsel and did not contest service of process or personal jurisdiction.  Dkt. No. 9.  Con Edison has therefore waived these defenses and cannot later challenge a default judgment entered by this Court on service of process or personal jurisdiction grounds.  *See Mickalis Pawn Shop, LLC*, 645 F.3d at 119 (holding that "defendants forfeited the defense of lack of personal jurisdiction and any other defenses they may have had by willfully abandoning their defense of the litigation."); *see also Copulsky v. Boruchow*, 545 F. Supp. 126 (E.D.N.Y. 1982) (holding that defendant waived personal jursidiction defense by failing to raise it in his answer).

Plaintiff purports to have properly served "John Doe" and "Jane Doe" by leaving copies with a woman named "Rashida Doe," who Plaintiff later claimed is, in fact, Defendant Graham.  *See* Dkt. Nos. 15, 38.  As explained in Section VI(B) *infra*, however, a default judgment against

---

[3] ECB and DOF are New York City agencies and non-suable governmental entities.  *See* NYC Charter § 396 ("All actions . . . shall be brought in the name of the city of New York and not in that of any agency[.]").  Thus, when an action is brought against ECB or DOF, the Court construes the action as one against the City of New York.  *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2018 WL 11467906, at *1 (E.D.N.Y. Dec. 7, 2018); *Thompson v. Grey*, No. 08-CV-4499 (JBW), 2009 WL 2707397, at *5 (E.D.N.Y. Aug. 26, 2009), *aff'd*, 385 F. App'x 54 (2d Cir. 2010); *Alleva v. New York City Dep't of Investigation*, 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010), *aff'd*, 413 F. App'x 361 (2d Cir. 2011).

Graham is improper at this time because Plaintiff never served Graham with a copy of the complaint that specifically identifies her as a defendant.

### C.    Venue

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1). Here, all Defendants reside in New York (Dkt. No. 1 ¶¶ 3-8), and venue is therefore proper in this district.[4]

## IV.    <u>Procedural Compliance with Local Civil Rules 7.1 and 55.2</u>[5]

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)).  "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."  *See Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (citations and quotation marks omitted).

---

[4] A corporation is deemed to be a resident of "any district" in "a state which has more than one judicial district and in which . . . [that] corporation is subject to personal jurisdiction at the time an action is commenced."  *Id.* § 1391(d). For venue purposes, the City of New York "resides" in both the Eastern District and Southern District of New York.  *Savarese v. City of New York*, No. 18-CV-5956 (ER), 2019 WL 2482387, at *4 (S.D.N.Y. June 13, 2019).

[5] The Local Rules of the United States District Court for the Southern and Eastern Districts of New York were updated on July 1, 2024.  As set forth in Local Rule 1.1, "[t]hese Local Civil Rules take effect on July 1, 2024 [] and govern actions pending or filed on or after that date.  For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on June 30, 2024 will govern."  Thus, the previous Local Rules remain applicable here.

Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion.  Loc. Civ. R. 7.1(a). Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail these three items to the "*last known business address*" of the defaulting party (if not an individual).  Loc. Civ. R. 55.2(b)-(c).

Here, Plaintiff has complied with Local Civil Rules 7.1 and 55.2(b).  Plaintiff's motion includes a notice of motion (Dkt. No. 43), a memorandum of law (Dkt. No. 43-1), and affidavits from Plaintiff in accordance with Local Civil Rule 7.1 (Dkt. Nos. 43-10, 43-17).  Plaintiff also attached the complaint, certificates of default, and a proposed form of default judgment to its motion in accordance with Local Civil Rule 55.2(b).  *See* Dkt. Nos. 43-3; 43-5; 43-26.

Plaintiff has also complied with Local Civil Rule 55.2(c).  According to the certificate of service, Plaintiff mailed a copy of the motion for default judgment to Con Edison, ECB, and DOF at their last known business addresses.  Dkt. No. 44.  Plaintiff also mailed a copy to Graham at the Property, which Plaintiff claims is her last known residential address based on its investigation into her residential history and having served Graham at the Property.  *See id.*; *see also* Dkt. No. 36-1 ¶¶ 6, 8; *id.* at 11-16; Dkt. No. 15.

Accordingly, Plaintiff has complied with Local Civil Rules 7.1 and 55.2

## V.  Compliance with the Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military

11

service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931; *see also Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012). "The court lacks the power to excuse compliance with th[is] statute." *Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018).

Here, Plaintiff submits an affirmation from Plaintiff's counsel that attaches a report from Sam Yousefzadeh, Director of the Manpower Data Center at the Department of Defense, indicating that Graham was not on active duty at the time of default. *See* Dkt. No. 43-9. This is sufficient to establish compliance with 50 U.S.C. § 3931. *See Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD) (RER), 2023 WL 375647, at *5 n.3 (E.D.N.Y. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).

## VI. <u>Discussion</u>

Plaintiff seeks a default judgment against Defaulting Defendants – all of whom are non-mortgagors alleged to hold some interest in or lien on the Property subordinate to the Mortgage. *See* Dkt. No. 1 ¶¶ 5-9.

RPAPL § 1311 provides that "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" shall be joined as a necessary party to a foreclosure action. RPAPL § 1311(3). "This rule "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those

who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB) (SMG), 2012 WL 2529196, at \*14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542-43 (2d Dep't 2005)).

Entry of "[d]efault judgment against non-mortgagor defendants is generally appropriate where the complaint alleges 'nominal liability,' meaning that 'any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien.'" *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130, at \*3 (E.D.N.Y. July 24, 2020) (citations omitted). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Id.* (internal quotations and citation omitted). But "[w]here a necessary party is not joined, that 'party's rights are unaffected by the judgment of foreclosure and sale.'" *3301 Atl., LLC*, 2012 WL 2529196, at \*14 (quoting *In re Oligbo*, 328 B.R. 619, 640 (Bankr. E.D.N.Y. 2005)).

## A.    DOF, ECB, and Con Edison

Plaintiff named DOF, ECB, and Con Edison as nominal defendants in the complaint based on their "interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage." Dkt. No. 1 ¶ 9. Plaintiff does not seek monetary relief from these defendants (Dkt. No. 43-1 at 1) ("Plaintiff does not seek a monetary judgment against the aforementioned defaulting parties."). Rather, they are named as defendants because their subordinate interests make them necessary parties to a foreclosure action under New York law. *See* RPAPL § 1311(3); *Wells Fargo Bank, N.A. v. Watts*, No. 16-CV-6919 (ENV) (RER), 2019 WL 3716190, at \*1 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 3714582 (E.D.N.Y. Mar. 13, 2019). Plaintiff seeks

a default judgment against DOF, ECB, and Con Edison based on their failure to respond to the complaint despite proper service of process.[6]  *See* Dkt. Nos. 12, 13, 18.

With respect to municipal defendants ECB and DOF, courts apply a heightened pleading standard to determine whether the plaintiff has established nominal liability.  *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020) (citations omitted) (explaining that courts apply a heightened pleading standard where a state or city agency is named as a defendant).  "The complaint must allege 'detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state or city agency a party-defendant.'"  *Id.* (alterations omitted) (quoting RPAPL §§ 202(1), 202-a(1)).  "If the lien exists 'by virtue of a judgment,' and the defendant is a state agency, the complaint must include 'the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor the judgment was recorded.'"  *Id.* (alteration omitted) (quoting RPAPL § 202(2)).  "If the defendant is a city agency, the complaint must include that same information, as well as 'a brief description of the grounds for or the nature of such judgment.'"  *Id.* (quoting RPAPL § 202-a(2)).  In addition, the plaintiff must substantiate their allegations with documentation, such as a title report.  *See, e.g.*, *Baez*, 2020 WL 4261130, at *4 (collecting cases).

"For a suit against non-government creditors, more lenient pleading standards apply."  *ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2021 WL 8316275, at *4

---

[6] While Con Edison entered an appearance in this case and "waive[d] service of all papers and of notices of all proceedings in said action except the notice of sale and notice of proceeding to obtain surplus moneys," Con Edison's failure to respond to the complaint warrants the entry of default judgment.  *See E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at *5 (E.D.N.Y. Feb. 24, 2015) (recommending default judgment against Con Edison in foreclosure action despite Con Edison's notice of appearance and waiver of service); *Fed. Home Loan Mortg. Corp. v. Ambassador Assocs., L.P.*, No. 05-CV-6546 (MAT), 2006 WL 2873641, at *4 (W.D.N.Y. Oct. 6, 2006) (entering default judgment against entities that appeared in foreclosure case and entered waivers but failed to answer or move against the complaint).

(E.D.N.Y. Aug. 11, 2021) (citation omitted).  "A well-pleaded complaint is sufficient to ascribe liability to non-government defendants even without elaborating on the nature of their interest in the property." *Id.* (citation omitted).

Here, Plaintiff alleges that DOF "is "a necessary party to this action because it is the possible holder of a tax lien against the Property." Dkt. No. 1 ¶ 7.  This conclusory allegation is insufficient to meet RPAPL's heightened pleading standard.  *See SAC Fund II 0826, LLC v. Burnell's Enterprises, Inc.*, No. 18-CV-3504 (ENV) (PK), 2019 WL 5694078, at *7 (E.D.N.Y. Sept. 7, 2019) ("Plaintiff does not allege more than 'bare allegations' of the DOF's interest and thus did not reach the heightened pleading standard that is required for this Defendant."), *report and recommendation adopted*, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019); *Miss Jones, LLC v. Brahmadutta Bisram, Y & S Dev. of NY, Inc.*, No. 16-CV-7020 (NGG) (SMG), 2018 WL 2074200, at *4 (E.D.N.Y. Feb. 5, 2018), *report and recommendation adopted*, 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018) (denying motion for default judgment against DOF because plaintiff failed to meet the heightened pleading requirements of RPAPL § 202-a); *CIT Bank, N.A. v. Paganos*, No. 14-CV-3987 (CBA) (VMS), 2015 WL 13731361, at *6 (E.D.N.Y. Sept. 25, 2015), *report and recommendation adopted*, 2016 WL 3945343 (E.D.N.Y. July 19, 2016) ("Plaintiff's pleadings as to the Department of Finance are not similarly sufficient.").

Plaintiff, however, sufficiently alleges the nominal liability of ECB and Con Edison.  As for ECB, Plaintiff alleges that "it is a judgement creditor on the Property of multiple violation liens." Dkt. No. 1 ¶ 6.  The complaint references an Exhibit G, which lists twelve sanitation violations recorded against the Property and includes the dates of the violations, the penalty amounts, and their current status.  *Id.*; *see* Dkt. No. 1-7.  This is sufficient to establish ECB's nominal liability.  *See Courchevel 1850 LLC v. Pinto-Bedoya*, No. 16-CV-6716 (NGG), 2017 WL

5157451, at *1 (E.D.N.Y. Nov. 7, 2017) (holding that plaintiff's "30-page list of citations" issued by ECB was sufficient to establish nominal liability); *Cit Bank v. Dambra*, No. 14-CV-3951 (SLT) (VMS), 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015) (finding list of citations sufficient to establish ECB's nominal liability), *report and recommendation*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).

As for Con Edison, Plaintiff alleges that Con Edison is a judgment creditor pursuant to a Queens County Supreme Court judgment against the Property, docketed November 30, 2016 in the amount of $42,338.47. *See* Dkt. No. 1 ¶ 5; *see also* Dkt. No. 1-6. This too is sufficient to establish Con Edison's nominal liability. *See Whyte*, 2015 WL 790036, at *3 (finding well-pleaded allegations of nominal liability against Con Edison based on a state court judgment it held against the mortgagor).

Notwithstanding Plaintiff's well-pleaded allegations against ECB and Con Edison, it would be premature at this juncture for the Court to enter a default judgment against these Defendants (or, for that matter, against DOF) because their rights and obligations are implicated only in the event of a foreclosure judgment against Queens Capital, the current owner of the Property. *See Watts*, 2019 WL 3716190, at *1 (holding that default judgment was premature against junior lienholders prior to entry of a foreclosure judgment against property owner).

The *Watts* case is instructive. There, the plaintiff alleged that municipal defendants—the Criminal Court of the City of New York, the New York City Environmental Control Board, and the New York City Transit Adjudication Bureau—claimed "an interest or lien encumbering the property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage." *Id.* at *1 (citation omitted). The plaintiff did not seek "monetary relief from these defendants []; rather, they [were] included because their subordinate

16

interests make them necessary parties to a foreclosure action under New York law. N.Y. Real Prop. Acts Law § 1311(3)." *Id.* As the court noted in *Watts*, "[t]his provision facilitates foreclosure by ensuring that the purchaser at the judicial sale make take free and clear title." *Id.* (citing *3301 Atl., LLC*, 2012 WL 2529196, at *14). The court added that "[w]ere junior lienholders not joined, their rights of redemption would not be extinguished"; therefore, the municipal defendants' "rights and obligations are implicated only in the event of a foreclosure judgment against" the property owner, defendant Watts. *Id.* The court concluded that "[b]ecause Mr. Watts has appeared to defend the suit, to issue a default judgment against the [m]unicipal [d]efendants at this juncture would be premature." *Id.*

Like *Watts*, Queens Capital and Cunningham have appeared in this case and are contesting liability. *See* Dkt. Nos. 24, 26. Thus, it would be premature for the Court to enter a default judgment against Con Edison and ECB (and, should liability be established, against DOF) at this time. *See Watts*, 2019 WL 3716190, at *1; *see also Windward Bora LLC v. Montour*, No. 23-CV-3654 (EK) (LGD), 2024 WL 1142389, at *1 (E.D.N.Y. Mar. 15, 2024) (denying second default judgment motion as premature because it was filed before the damage issues in the first default judgment motion on foreclosure and sale were resolved); *Empire Cmty. Dev. LLC v. Campoverde*, No. 22-CV-4046 (RPK) (VMS), 2023 WL 7000878, at *7 (E.D.N.Y. Aug. 23, 2023) ("Here, as the motion for default judgment as to [the principal defendant] should be denied, [the principal defendant's] liability is not yet established. Because extinguishing [the defendant-lienholder's] interest would be premature at this time, the Court respectfully recommends that the motion for default judgment with respect to [the defendant-lienholder's] be denied without prejudice.").

As in *Watts*, the Court notes that default judgment against Defaulting Defendants may still be appropriate at a later stage, as "[c]ourts in this district have found that entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate where the complaint alleges 'nominal liability—*i.e.*, that any judgments the Defaulting Defendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Watts*, 2019 WL 3716190, at *1 (collecting cases).

Accordingly, this Court respectfully recommends that Plaintiff be permitted to renew its motion for default judgment against ECB and Con Edison when it seeks a determination of liability against Queens Capital and Cunningham. This Court further respectfully recommends that Plaintiff be permitted to amend the complaint to include sufficient allegations of DOF's alleged nominal liability.

### B.    Graham

Plaintiff also seeks a default judgment against Graham, a purported tenant of the Property. *See* Dkt. No. 36 at 1. Plaintiff's request should be denied because Plaintiff has not established that Graham is in default, and the complaint does not plausibly allege Graham's nominal liability as a tenant.

Graham became a party to this litigation only with the issuance of the Court's March 27, 2024 order granting Plaintiff's motion to substitute, which amended the caption to replace "Rashida Doe" with Graham. *See* Mar. 27, 2024 Dkt. Order. Plaintiff did not subsequently move to amend the complaint, nor did Plaintiff serve Graham with a copy of the complaint that includes her name in the caption. *See* Dkt. No. 43-3. "Thus, until now, [Graham has] had no obligation to respond to the [c]omplaint in any way." *Christiana Bank & Tr. Co. v. Dalton*, No. 06-CV-3206 (JS) (ETB), 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (denying default judgment against

tenants, who were initially named as "John Doe" and "Jane Doe," because plaintiff failed to amend the complaint and serve them with a copy). As a result, Plaintiff has failed to establish that Graham is in default for failing to respond to the complaint. *Id.*

But even if Graham was in default, the complaint still fails to sufficiently allege her nominal interest in the Property. The complaint alleges that, "Defendants 'JOHN DOE' and 'JANE DOE' are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property." Dkt. No. 1 ¶ 8 (citing RPAPL §§ 1311, 1312 and 1313). This allegation does not specifically describe the nature of Graham's interest in the Property—*i.e.*, that of a tenant, as opposed to an "occupant, person[], or corporation"—and is therefore insufficient to establish her nominal liability. *See Onewest Bank N.A. v. Louis*, No. 15-CV-00597 (PAC) (BCM), 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (recommending that default judgment be denied against doe defendants because complaint did not specifically allege that they were tenants but instead stated that they were "occupants, persons in possession, licensees, tenants, or others who may be in possession, claim to have a right of possession in and to the [m]ortgaged [p]roperty"), *report and recommendation adopted*, 2016 WL 4059214 (S.D.N.Y. July 28, 2016); *cf. E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *2 (E.D.N.Y. May 9, 2016) (recommending default judgment against tenant where the complaint alleged that tenant's "interest in the [s]ubject [p]roperty [was] limited to her tenancy"), *report and recommendation adopted*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016).

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment against Graham be denied but that Plaintiff be permitted to amend the complaint to sufficiently describe the nature of Graham's interest in the Property.

## VII.    <u>Conclusion</u>

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be **DENIED** without prejudice.  This Court further respectfully recommends that Plaintiff be permitted to amend the complaint to plausibly allege DOF's and Graham's nominal liability.

A copy of this Report and Recommendation is being electronically served on counsel. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on Defendants by overnight mail and first-class mail and file proof of service on ECF by August 27, 2024.

Copies shall be served at the following addresses:

Consolidated Edison Co. of NY Inc.
4 Irving Place
New York, NY 10003

NYC Department of Finance
100 Church Street
New York, NY 10007

NYC Environmental Control Board
59-17 Junction Boulevard
Corona, NY 11368

Marcia Graham
14221 230th Place
Laurelton, NY 11413

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). See also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Merle.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson,*

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     Brooklyn, New York
           August 26, 2024                **SO ORDERED.**

                                            */s/ Joseph A. Marutollo*
                                      JOSEPH A. MARUTOLLO
                                      United States Magistrate Judge